Fannie Hirshon Trust U/A Charles Hirshon, Walter Hirshon and Henry Siegbert, Trustees v. Commissioner.
Fannie Hirshon Trust U/ v. Commissioner
Docket No. 35013.
United States Tax Court
1953 Tax Ct. Memo LEXIS 311; 12 T.C.M. (CCH) 364; T.C.M. (RIA) 53106; April 3, 1953
*311 A corporation having total earnings or profits available for dividends of $5,674,586.32 distributed to its shareholders cash in the amount of $2,113,722.03 with stock having a cost basis of $3,199,950 and a fair market value on the date of the distribution of $8,983,407.75. Held, the distributions were taxable as dividends only to the extent of earnings and profits available for dividends, Section 115 (a) of the Code, and the appreciation in value of the property distributed does not serve to increase the corporation's "earnings or profits." Held, further, to the extent that the fair market value of the property distributed is not covered by the earnings or profits the excess is used to reduce the basis of the stock of the shareholder-distributees under Section 115 (d) and such excess is not taxable to the shareholders under Section 22(a) of the Internal Revenue Code. John P. Allison, Esq., for the petitioners. Arthur Nims, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent has determined a deficency of $1,963.10 in the income tax liability of the petitioner for the taxable year ended December 31, 1947. The *312 petitioner contests the entire deficiency which is based on the determination that certain corporate distributions to the petitioner in 1947 in cash and property were taxable in full rather than only to the extent that the fair market value of the distributions was covered by earnings and profits of the corporation. Findings of Fact All of the facts are stipulated and are found accordingly. Charles Hirshon, Walter Hirshon and Henry Siegbert are the duly qualified and acting trustees of a trust created by an indenture dated December 31, 1917, between Charles Hirschhorn (later known as Charles Hirshon) as settlor and Fred Hirschhorn Isidore Levy as trustees. The petitioner filed its Federal fiduciary income tax return for the calendar year 1947 with the collector of internal revenue, second district of New York. From January 1 to March 13, 1947, the petitioner owned and held 1,615 shares of capital stock of Southern Natural Gas Company, hereinafter referred to as Southern, and from March 13 to and including December 31, 1947, it owned and held 1,610 shares of the capital stock of Southern. Southern is a Delaware corporation with its principal offices in Birmingham, Alabama. *313 Southern was organized under the laws of Delaware on October 30, 1935, and acquired, as of January 1, 1936, the business and properties of a predecessor company named Southern Natural Gas Corporation, pursuant to section 77B of the Bankruptcy Act. Southern operates an interestate natural gas pipeline system, extending from gas fields in Texas, Louisiana and Mississippi to its principal markets in Mississippi, Alabama and Georgia. As of December 31, 1946, Southern's capitalization consisted of long-term debt in the amount of $22,500,000 and 1,409,212 shares of common stock of the par value of $7.50 each. Its earned surplus, according to the books, as of December 31, 1946, was $14,106,850.03. The net income for the year 1947, according to the books, was $3,226,156.79, and the book earned surplus at the end of the year 1947, including net adjustments to earned surplus and before deducting dividends on the common stock was $17,669,983.23. The petitioner received from Southern cash distributions on the 12th days of March, June, September and December, 1947, at the rate of 37 1/2" per share, which distributions aggregated $2,416.87. On July 28, 1947, petitioner received from Southern *314 a distribution of 1,610 shares of common stock of Southern Production Company, Inc. On July 28, 1947, the fair market value of the shares of stock of Southern Production Company, Inc., was $6.375 per share. The dividend of shares of stock of Southern Production Company, Inc., was declared by the board of directors of Southern at a meeting of the board duly called and held on June 15, 1947, by resolutions reading as follows: "RESOLVED, that a dividend be and the same hereby is declared in kind of one share of stock of Southern Production Company, Inc., a corporation of the State of Delaware, for each share of stock of Southern Natural Gas Company issued and outstanding, such dividend to be deliverable on July 28, 1947, to stockholders of record of Southern Natural Gas Company at the close of business on July 3, 1947; and further "RESOLVED, that the proper officers of the Company be and they hereby are authorized to charge the cost to the Company of the stock of Southern Production Company, Inc. (i.e., the sum of $3,200,000.) to earned surplus on the books of account of the Company." In the Federal fiduciary income tax return filed for 1947, the petitioner included the distributions *315 received from Southern as taxable income to the extent of $6,112.64, of which $1,519.85 was treated as distributable income taxable to Fannie Hirshon, beneficiary of the trust, and hence not taxable to the trust. The balance of the $6,112.64 was treated as income taxable to the trust. The respondent determined that the petitioner understated its income in the amount of $6,567.98 and that the entire amount of the distributions received from Southern in 1947 constituted taxable income. The fair market value of the total distributions received by the petitioner from Southern in 1947 is in the amount of $12,680.62. The total distributions made by Southern to its stockholders in 1947 amounted to $2,113,722.03 in cash, and 1,409,162 shares of the common stock of Southern Production Co., Inc. The Southern Production Co., stock had an adjusted basis in the hands of the distributing corporation of $3,199,950, and a fair market value at the time of distribution of $8,983,407.75. For the year 1947, on the books, Southern charged earned surplus with $2,113,722.03, representing the cash distributed as dividends during that year and $3,199,663.55, representing cost to Southern of the shares *316 of the stock distributed to stockholders as a dividend. The book earned surplus of Southern on December 31, 1947, after making such deductions, was $12,356,597.65. The earnings and profits of Southern for the year 1947 were $2,936,819.51. The accumulated earnings and profits of Southern as of January 1, 1947, were $2,737,766.81, or a total of earnings and profits available in 1947 for dividends of $5,674,586.32. The cost to the petitioner of the 1,610 shares of capital stock of Southern was in excess of $13,000. The parties agree that any amount which shall be finally determined to be includible in the gross income of petitioner for the year 1947 by reason of the distributions received in that year from Southern shall be treated as taxzble to the trust and shall not be treated as distributable income of the trust, with the exception of the sum of $1,519.85 reported in the 1947 fiduciary return. Opinion ARUNDELL, Judge: The issues in the instant case and the corporate distributions from which they arose are identical with the issues and the corporate distributions in our recent decisions in Estate of Ida S. Godley, 19 T.C. 1082 (March 19, 1953). On the authority *317 of that case, we hold that the fair market value of the distributed property is taxable as a dividend to the extent of the earnings or profits (without increase as a result of appreciation in value over cost of the property distributed) of the distributing corporation; and that to the extent that the earnings or profits are insufficient to cover a charge equal to the fair market value of the distribution, the petitioner has received a distribution in excess of earnings or profits and the amount of this excess is applied to reduce the basis at which the petitioner held the stock in the distributing corporation and any excess over the basis is taxable to it as capital gain under the provisions of section 115 (d), Internal Revenue Code. Decision will be entered under Rule 50.